## WHITE v. McNULTY.

(Supreme Court, Appellate Division, First Department.    February 25, 1898.)

1. CONTRACT WITH UNITED STATES—ASSIGNMENT.

The fact that a government contractor contracted with another to do certain work on articles which he had agreed to furnish the government did not constitute an assignment of the contract, within Rev. St. U. S. § 3737, prohibiting the transfer to another of any contract or interest therein by the party to whom the contract was given.

2. SAME—ACTION FOR BREACH.

The fact that a government contractor was not a manufacturer of, or a regular dealer in, the articles he had offered to supply, as required by Rev. St. U. S. § 3722, is unavailing as a defense in an action by the contractor for failure to perform a contract made by him with defendant to do certain work on the articles included in the government contract.

3. SAME—EVIDENCE.

In an action for failure to perform a contract, letters written by plaintiff to defendant in the usual course of business were admissible in the latter's favor, where they referred to the terms of the contract and its performance, and there was evidence connecting them with conversations between the parties in reference to the completion of the contract.

Appeal from trial term.

Action by Samuel L. White against Peter H. McNulty. From a judgment entered on the verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

M. L. Towns, for appellant.

A. C. Smith, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff, as assignee of one McWilliams, to recover damages alleged to have been sustained by McWilliams from the failure of the defendant in the performance of a contract alleged to have been made by McWilliams with him. The answer put in issue the existence of the contract, and the damages for its nonperformance. It seems to be assumed by the appellant that it was necessary, in order that the plaintiff should succeed, that he should establish the contract which it was alleged that McWilliams had with the government, and the particular terms of that contract. It is further claimed that, if any such contract existed, it was illegal, as being contrary to the provisions of section 3722 of the United States Revised Statutes; McWilliams not being a manufacturer of or regular dealer in the articles which he had offered to supply, and for the supply of which the alleged contract had been made. It was further urged that, whatever arrangement might have existed between McWilliams and the defendant in regard to the manufacture of any goods, it was illegal, because in

violation of section 3737 of the United States Revised Statutes, which prohibited the transfer of any contract or order or interest therein by the party to whom such contract or order was given to any other party.

It is difficult to see how the defendant can avail himself of any prohibition of these statutes. McWilliams made no assignment of any interest in any governmental contract to him. All that he did was to contract with the defendant to do certain work upon articles which he (McWilliams) had contracted to furnish to the government. This was in no manner an assignment of any interest in the contract which McWilliams had with the government. McWilliams was to receive his pay from the government, and was to pay the defendant for the work which he was to do.

Neither can the defendant avail himself of the prohibition contained in section 3722. That is a matter resting between the government and the contractor. McWilliams gave testimony tending to establish a contract with the defendant, and failure upon the part of the defendant to comply with this contract, and also that he had written numerous letters to the defendant urging completion upon his part, and containing criticisms as to the manner in which the work was being performed. Certain letters from McWilliams to the defendant in respect to such performance were offered in evidence which referred to the terms of the contract. Their introduction was objected to upon the ground that McWilliams could not make evidence for himself as to the terms of the contract. But it appears that they were pertinent to the contract between him and the defendant, and to its performance, and that they were written in the usual course of business. It further appears from the evidence that McWilliams had had conversations with the defendant in reference to some of these letters, and that the defendant acknowledged his inability to comply with the contract, and told McWilliams to go ahead, and see what he could have the contract completed for, and let him know. McWilliams testified that he found out what he could get the contract completed for, and that he stated the particulars roughly to the defendant, and the defendant replied, "That is all right; go ahead. That is a relief to me;" and that McWilliams thereupon went ahead, and had the contract completed.

No motion was made, either at the termination of the plaintiff's case or upon the close of the whole evidence, to dismiss the complaint, upon the ground of insufficiency of proof or for any judgment; and the questions as to the contract, its completion, and the damages sustained by the plaintiff, were submitted to the jury without any exception or request upon the part of the defendant; and, the jury having found a verdict for the plaintiff, we see no reason to disturb the same. The exceptions based upon the United States Statutes are evidently unavailing, and the exceptions to the receipt of the letters in evidence seem to be equally without foundation, for the reasons above stated.

The judgment and order should be affirmed, with costs. All concur.